COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Willis and
          Retired Judge Whitehurst[*]
Argued at Norfolk, Virginia


EDITH A. CHANIN
                                        OPINION BY
v.        Record No. 1808-94-1    JUDGE JERE M. H. WILLIS, JR.
                                        JULY 25, 1995
EASTERN VIRGINIA MEDICAL SCHOOL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION


          Robert J. Macbeth, Jr. (Rutter & Montagna, on
          brief), for appellant.

          David E. Constine, III (Dabney J. Carr, IV;
          Mays & Valentine, on brief), for appellee.


     On appeal from the commission's decision that she does not

suffer from a compensable ordinary disease of life under Code

§ 65.2-401, Dr. Edith A. Chanin contends (1) that credible

evidence does not support the commission's finding that her

multiple chemical sensitivity syndrome (MCS) was an aggravation

of a pre-existing ordinary disease of life, and (2) that her

health and medical treatment prior to September 2, 1992 does not

establish by a preponderance of the evidence that she suffered

MCS prior to that date.  We consolidate these contentions into

one overall issue:  whether credible evidence supports the

commission's finding that Dr. Chanin failed to prove by clear and

convincing evidence to a reasonable degree of medical certainty

---

[*]Retired Judge Alfred W. Whitehurst took part in
consideration of this case by designation pursuant to Code
§ 17-116.01.

that her disease (MCS) arose out of and in the course of her employment with Eastern Virginia Medical School (EVMS). Finding no error, we affirm the commission's decision.

EVMS employed Dr. Chanin as Director of the Gerontology Institute located at DePaul Medical Center, beginning September 1, 1992. She spent four hours that day in her office, where she smelled a "musty, moldy chemical odor." From September 1 to November 4, 1992, she developed progressive respiratory problems. During that time, her office was moved four times. She was examined by several physicians, who diagnosed her with MCS, but none identified the chemical causing the sensitivity.

On February 28, 1994, a deputy commissioner found that Dr. Chanin had not proved a compensable occupational disease because medical evidence showed that she had suffered from pre-existing symptoms, that there was no detectable level of "trigger mechanisms" at DePaul, and that she was exposed to toxins outside of her employment. The deputy commissioner stated, "[a]t best, Chanin's exposure at DePaul merely aggravated a pre-existing ordinary disease of life." On August 15, 1994, the full commission found that Dr. Chanin had failed to prove she suffered from a compensable ordinary disease of life.

Dr. Chanin concedes that MCS is an ordinary disease of life because it is a disease to which the general public is exposed outside of employment. For an ordinary disease of life to be compensable under § 65.2-401, [Chanin] must establish by "clear

and convincing evidence, to a reasonable medical certainty" that the disease (1) arose out of and in the course of employment, (2) did not result from causes outside of the employment, and (3) follows as an incident of an occupational disease, is an infectious disease or contagious disease contracted in the course of employment, or is characteristic of employment and was caused by conditions peculiar to the employment. Island Creek Coal v. Breeding, 6 Va. App. 1, 11, 365 S.E.2d 782, 788 (1988).

Dr. Chanin contends that she met this burden. She argues that the evidence proved that she suffered from MCS and that the cause of the disease was injurious exposure to toxins at DePaul. She argues that her disease and its employment-related cause were proven by the testimony of Drs. Ziem, Baker, Heuser, Cullen, and Lieberman. We disagree.

"Decisions of the commission as to questions of fact, if supported by credible evidence are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). "Whether a disease is causally related to the employment and not causally related to other factors is such a finding of fact." Breeding, 6 Va. App. at 12, 365 S.E.2d at 788 (citing Watkins v. Halco Engineering, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983)). "The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the Commission's findings."

Russell Loungewear v. Gray, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986).

The commission's decision denying Dr. Chanin disability benefits is supported by credible evidence.  First, the commission found that the opinion of Dr. Ziem, Dr. Chanin's treating physician, was "based on an incorrect understanding of the facts of the claimant's work environment."  Dr. Ziem based her diagnosis on the supposition that gasses were emitted by new carpet and renovations at DePaul.  Neither condition existed.  Furthermore, Dr. Ziem was unable to identify any substances in the DePaul environment that could have caused Dr. Chanin's MCS.

Second, the commission found that Dr. Chanin spent only fifty percent of her time at DePaul.  Dr. Cullen, a professor of medicine at Yale University and a respected authority on MCS, reviewed Dr. Chanin's medical records.  He concluded that she had MCS, but that it could not have been caused primarily by her exposure to the DePaul environment.  Dr. Cullen stated, "the hallmark of MCS is development of the disease after repeated low-level chemical exposures or a single high level chemical exposure."  Dr. Chanin worked only four hours at DePaul before the symptoms began.  Thereafter, she spent only fifty percent of her time at DePaul.  She has been exposed to aggravating chemicals in her home and in her neighborhood, both in New York where she lived previously and in Norfolk where she lives presently.  She has not proved that her MCS "did not result from

– 4 –

causes outside of the employment."

Third, the commission found that no doctor isolated the chemical(s) causing the sensitivity. While the statute does not require that a single source of the claimant's disease be pinpointed, it does require that the "primary source [be] determined by 'reasonable medical certainty.'" Ross Laboratories v. Barbour, 13 Va. App. 373, 377, 412 S.E.2d 205, 208 (1991). Such a determination must be based on evidence that "it is at least more probable than not that the disease arose out of and in the course of employment." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 224, 372 S.E.2d 411, 416 (1988). Dr. Chanin offered no evidence of chemicals in Depaul's environment. Because no evidence exists of chemical exposure in Dr. Chanin's employment environment, we cannot find that she met her burden of proving by "clear and convincing evidence" to a reasonable medical certainty that her disease arose out of and in the course of her employment at DePaul, as required by Code § 65.2–401.

Fourth, Dr. Chanin admitted that symptoms of MCS may be instant or delayed. Thus, we cannot determine where or when the exposure occurred. Therefore, no evidence proved to a reasonable medical certainty that the environment at DePaul was the proximate cause of Dr. Chanin's disease.

The judgment of the commission is affirmed.

Affirmed.