COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


NATIONAL FRUIT PRODUCT COMPANY, INC.
AND
LIBERTY MUTUAL FIRE INSURANCE COMPANY
                                                    OPINION
v.   Record No. 1704-98-4                        PER CURIAM
                                                 DECEMBER 15, 1998
BRENDA STATON

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (J. David Griffin; Fowler, Griffin, Coyne &
               Coyne, on brief), for appellants.

               (Nikolas E. Parthemos; Parthemos & Bryant, on
               brief), for appellee.


     National Fruit Product Company and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Brenda Staton proved by clear

and convincing evidence that her carpal tunnel syndrome

constituted a compensable ordinary disease of life pursuant to

Code § 65.2-401.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

                              I.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

viewed, the evidence proved that Staton worked for the employer

as a caser and label machine operator.  In that job, she pulled

racks out of the label machine, lowered the racks, loaded the racks with labels, and restarted the machine. She also opened cardboard boxes, folded the flaps of the boxes, placed labels on the boxes, and then put the boxes on a caser. She processed 4,000 to 5,000 such boxes during her daily eight-hour shift, using her left hand more than her right hand. Staton estimated that she processed approximately 550 such boxes per hour, or eight to ten per minute. She performed these tasks for the last twelve of her eighteen years while working for the employer.

On September 4, 1997, after Staton had been working for approximately two hours and as she was folding flaps on a box, she experienced a "bad pain" in her left hand. She could not straighten her left hand and she felt pain throughout her hand. After Staton reported this incident to her supervisor, she left work and reported to a physician to whom her employer referred her.

The following day, Staton began treatment with Dr. Bernard M. Swope, an orthopedic surgeon. Dr. Swope diagnosed Staton as suffering from "[p]robable carpal tunnel syndrome, bilaterally, left greater than right." Dr. Swope later opined that "[b]ased on the number of years that [Staton] has worked at that job and the repetitive nature of the job, and her recent difficulties on the job, I think that there is a high probability that the carpal tunnel is a result of her work environment." Dr. Swope performed surgery on Staton's left hand and arm.

Staton testified that she did not perform any activities outside of her employment that involved the repetitive use of her hands.  In addition, prior to September 4, 1997, Staton had never experienced numbness or pain in either hand while performing activities outside of her work.

In ruling that Staton's bilateral carpal tunnel syndrome was a compensable ordinary disease of life pursuant to Code § 65.2-401, the commission found as follows:

> In the absence of any contrary medical evidence, we are left solely with Dr. Swope's opinion.  Section 65.2-401 requires the elements be established by "clear and convincing evidence, (not a mere probability)" (emphasis added).  Dr. Swope's opinion is more than a mere probability.  It is a high probability, which we find here is clear and convincing evidence.

## II.

"'Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact.'  When there is credible evidence to support it, such a finding of fact is 'conclusive and binding' on this Court."  Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991) (quoting Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988)).

In 1997, the General Assembly amended Code § 65.2-400 to provide that "condition[s] of carpal tunnel syndrome are not occupational diseases but are ordinary diseases of life as defined in [Code] § 65.2-401."  The General Assembly also amended

Code § 65.2-401 to provide that the elements required to prove a compensable ordinary disease of life must be "established by clear and convincing evidence, (not a mere probability)." We note that the amendment deleted from the statute the words "to a reasonable medical certainty."

> The current statutory standard is well defined in Virginia. Clear and convincing evidence has been defined as "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and <u>unequivocal</u>."

Walker Agcy. & Aetna Cas. Co. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (citation omitted).

Dr. Swope's uncontradicted opinion and Staton's testimony constitute credible evidence to support the commission's findings. Dr. Swope expressed his opinion in terms of a "high probability" not a "mere probability." Based upon his opinion and Staton's testimony, the commission, as the trier of facts, could conclude that the evidence proved clearly and convincingly that Staton's bilateral carpal tunnel syndrome was a compensable ordinary disease of life.

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.