COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


DAN RIVER, INC.
                                    MEMORANDUM OPINION*
v.    Record No. 2711-99-2              PER CURIAM
                                       APRIL 11, 2000
CARLA A. HAIRSTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Martha W. Medley; Daniel, Vaughan, Medley &
          Smitherman, P.C., on brief), for appellant.

          (J. Gregory Webb; Michie, Hamlett, Lowry,
          Rasmussen & Tweel, P.C., on brief), for
          appellee.


     Dan River, Inc. (employer) contends that the Workers'

Compensation Commission (commission) erred in finding that (1)

Carla A. Hairston's (claimant) actions did not thwart employer's

opportunity to provide authorized medical treatment; (2)

claimant was not barred from recovery as a result of the timing

of the notice she gave employer concerning her work-related

carpal tunnel syndrome (CTS); (3) claimant did not seek and

receive unauthorized medical treatment; and (4) claimant proved

that her right CTS constituted a compensable ordinary disease of

life.  Upon reviewing the record and the briefs of the parties,

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## I. through III.

Employer conceded that claimant "technically" complied with the requirements of Code § 65.2-405 by giving employer notice of her work-related CTS within sixty days of the communication of its diagnosis.  Claimant received the communication no later than May 12, 1998, and gave employer notice on May 29, 1998. Dr. Robert E. Cassidy performed CTS release surgery on claimant on May 19, 1998.

Employer argues that claimant's failure to give notice after the date of the communication of a diagnosis of work-related CTS and before her CTS surgery, resulted in clear prejudice to employer because employer was deprived of its right to offer claimant a panel of physicians and claimant proceeded with surgery from an unauthorized physician.  Employer argues that because of claimant's delay in notifying employer until after her surgery, employer should not be held responsible for medical expenses or other expenses incurred before claimant notified employer of her work-related CTS on May 29, 1998.

Employer's arguments are without merit.  Employer cites no authority to support these arguments, and we find none.  The Act provided claimant sixty days to notify employer once she received a diagnosis of a work-related disease.  Claimant

complied with this provision. Moreover, an employer, such as the one in this case, who denied the claim, was not entitled to require claimant to seek treatment from one of its panel physicians. Accordingly, even if there was any merit to employer's argument, employer has not suffered any prejudice under the circumstances of this case.

IV.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant testified that she has worked for employer for over eight years, first as a weaver and then as a seamstress. In April 1998, claimant's job involved sewing shams. She sewed approximately 160 three-piece shams per day, and over 500 one-piece modular shams per day. She first experienced problems with her right hand on April 23, 1998. She reported these problems to her supervisor and sought medical treatment. She did not tell her supervisor at that time that her problem was work-related. On May 12, 1998, claimant learned from her treating physician, Dr. Cassidy, that she was suffering from work-related CTS. On May 19, 1998, Dr. Cassidy performed a CTS release on claimant's right wrist. On May 29, 1998, claimant gave written notice to employer of her work-related CTS. She returned to work on June 1, 1998.

Claimant testified that she did not engage in any sports or hobbies outside of her work other than going to church. She admitted that she is the primary caretaker for her children and that she performs normal household duties.

Dr. Cassidy opined that "there is a direct causal link between the conditions under which [claimant] performed her work and her [CTS]." Dr. Cassidy opined that claimant's CTS was "characteristic of the job she was doing with repetitive motions of the hand, fingers and wrist. (although not forced). This is very similar to people who develop carpal tunnel syndrome as a result of constant computer use or typing." Dr. Cassidy noted that claimant had no history of other activities in her normal life or other illnesses or injuries which could have caused the CTS.

Dr. Tullio Coccia, an orthopedist who specializes in hand problems and who reviewed claimant's medical records and a videotape of someone performing claimant's job, opined that claimant's job did not contribute to her CTS. Dr. Cassidy disagreed with Dr. Coccia's conclusions and opinions.

In awarding benefits to claimant and concluding that she established by clear and convincing evidence the compensability of her CTS as an ordinary disease of life, the commission found as follows:

> On this conflicting medical evidence
> the deputy commissioner concluded that the

claimant proved a compensable ordinary disease of life. We agree. We have carefully considered the employer's argument that, while both of these physicians were specialists in orthopedics, Dr. Coccia had more experience in hand surgery and carpal tunnel syndrome. On the other hand, Dr. Cassidy was the claimant's treating physician, and was firm in his opinion of causation. Dr. Cassidy's records indicate that he was aware of the claimant's non-work activities. Regarding Dr. Coccia's opinion, the claimant testified that the number of items she was required to sew on a given day far exceeded Dr. Coccia's estimate. We do not find convincing Dr. Coccia's assertion that the claimant's repetitive work as a seamstress would not, to a reasonable degree of medical certainty, contribute to the development of her [CTS].

"'"Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact." When there is credible evidence to support it, such a finding of fact is "conclusive and binding" on this Court.'" National Fruit Prod. Co. v. Staton, 28 Va. App. 650, 653, 507 S.E.2d 667, 669 (1998) (citations omitted), aff'd, ___ Va. ___, ___ S.E.2d ___ (2000).

Code § 65.2-400(C) provides that "the condition of carpal tunnel syndrome [is] not [an] occupational disease[] but [is] [an] ordinary disease[] of life as defined in [Code] § 65.2-401." Pursuant to Code § 65.2-401 "the elements required to prove a compensable ordinary disease of life must be 'established by clear and convincing evidence, (not a mere probability).'" Staton, 28 Va. App. at 654, 507 S.E.2d at 669.

> "Clear and convincing evidence has been
> defined as 'that measure or degree of proof
> which will produce in the mind of the trier
> of facts a firm belief or conviction as to
> the allegations sought to be established.
> It is intermediate, being more than a mere
> preponderance, but not to the extent of such
> certainty as is required beyond a reasonable
> doubt as in criminal cases.  It does not
> mean clear and <u>unequivocal</u>.'"

<u>Id.</u> (citations omitted).

Dr. Cassidy's opinion and claimant's testimony constitute credible evidence to support the commission's findings.  Dr. Cassidy firmly expressed his opinion without any doubt.  Based upon his opinion and claimant's testimony, the commission, as the trier of fact, could conclude that the evidence proved clearly and convincingly that claimant's CTS was a compensable ordinary disease of life.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>