COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


ROSS, FRANCE & RATLIFF, LTD., ETC. AND
 MONTGOMERY MUTUAL INSURANCE

v.    Record No. 1054-00-4

JOHN EDWARD BLEVINS                    MEMORANDUM OPINION*
                                          PER CURIAM
JOHN EDWARD BLEVINS                     OCTOBER 24, 2000

v.    Record No. 1069-00-4

ROSS, FRANCE & RATLIFF, LTD., ETC. AND
 MONTGOMERY MUTUAL INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Lynn McHale Fitzpatrick; James Richard Ryan,
            Jr.; Jimese Pendergraft Sherrill; Siciliano,
            Ellis, Dyer & Boccarosse, on briefs), for
            Ross, France & Ratliff, Ltd., Etc. and
            Montgomery Mutual Insurance Company.

            (John Edward Blevins, pro se, on briefs).


     Ross, France & Ratliff and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that John Edward

Blevins (claimant) proved that he suffers from Lyme disease and

that his disease constituted a compensable occupational disease

pursuant to Code § 65.2-401.  On cross-appeal, claimant contends

that the commission erred in failing to award him temporary

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

total disability benefits from September 7, 1997 through September 19, 1997. Upon reviewing the record and the briefs of the parties, we conclude that employer's appeal is without merit. Accordingly, we summarily affirm the commission's decision with respect to the issue raised by employer. See Rule 5A:27. In addition, we conclude that claimant's appeal is procedurally barred, and therefore, we dismiss his appeal.

I. Occupational Disease: (Record No. 1054-00-4)

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "'Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact.'" Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991) (citation omitted). When credible evidence supports a finding of fact, it is conclusive and binding on this Court. See id. at 378, 412 S.E.2d at 208. "'The fact that contrary evidence may be in the record is of no consequence if there is credible evidence to support the Commission's findings.'" Chanin v. Eastern Virginia Med. Sch., 20 Va. App. 587, 590, 459 S.E.2d 523, 524 (1995) (citation omitted).

In order to prove a compensable ordinary disease of life under Code § 65.2-401, the claimant must establish "by clear and convincing evidence . . . that the disease exists and arose out

-

of and in the course of employment as provided in § 65.2-400

. . . and did not result from causes outside of the employment

. . . and is characteristic of the employment and was caused by

conditions peculiar to such employment."

> "Clear and convincing evidence has been
> defined as 'that measure or degree of proof
> which will produce in the mind of the trier
> of facts a firm belief or conviction as to
> the allegations sought to be established.
> It is intermediate, being more than a mere
> preponderance, but not to the extent of such
> certainty as is required beyond a reasonable
> doubt as in criminal cases.  It does not
> mean clear and unequivocal.'"

National Fruit Prod. Co. v. Staton, 28 Va. App. 650, 654, 507

S.E.2d 667, 669 (1998) (citation omitted), aff'd, 259 Va. 271,

526 S.E.2d 266 (2000).

In ruling that claimant met his burden of proving a

compensable occupational disease under Code § 65.2-401, the

commission found as follows:

> [W]e note the claimant's testimony of
> exposure to deer ticks while working at the
> Quantico site.  He has testified to not only
> profuse presence of such ticks, but to
> actually being bitten.  His testimony is
> supported by that of Mr. [David] Worst, Mr.
> [James] Sheehan, and Mr. [Larry] Ratliff.
> We have no evidence of the claimant's actual
> exposure to such conditions outside his
> employment.  His wife testified that she has
> not observed deer ticks at either their
> residence or at the claimant's mother's
> home.
>
> While the claimant's initial medical
> presentation was somewhat confused by his
> earlier LGV [lymphogranuloma venereum],
> there has been an unequivocal diagnosis of

-

Lyme disease by Dr. [Richard V.] Spera, Dr. [Richard K.] Sall, and Dr. [Marsha D.] Soni. Dr. Spera found the meningitis was secondary to burgdorfera, the causative agent of Lyme disease, and that this was the result of an exposure between February and April 1997. He also noted that the claimant's work as a field surveyor put him at risk, for this condition. Because a rash may occur in a location such as a person's scalp, where it would be obscured by his hair, the failure of this to be noted is not significant. Dr. Sall also found that it was "overwhelmingly likely" that the claimant's medical problems were secondary to Lyme disease. His symptoms were a continuation of an infection that likely occurred in 1997.

The commission's factual findings are supported by credible evidence, including the witnesses' testimony and the medical records of Drs. Spera, Sall, and Soni. The commission, as fact finder, was entitled to weigh the medical evidence and to accept the opinions of Drs. Spera, Sall, and Soni and reject the contrary opinion of Dr. Schwartz, who reviewed the medical evidence upon employer's request, but never examined claimant.

Based upon the witnesses' testimony and the opinions of claimant's treating physicians, the commission, as fact finder, could conclude that claimant proved clearly and convincingly that he suffers from Lyme disease and that his disease constituted a compensable occupational disease under Code § 65.2-401. Accordingly, we affirm the commission's decision.

## II. Disability: (Record No. 1069-00-4)

Code § 65.2-706(A) provides that "[n]o appeal shall be taken from the decision of one Commissioner until a review of

-

the case has been had before the full Commission as provided in § 65.2-705, and an award entered by it."

Claimant did not request review of the deputy commissioner's decision awarding disability benefits for the period from August 29, 1997 through September 6, 1997. Accordingly, claimant's appeal is procedurally barred, and therefore, we dismiss his appeal.

Record No. 1054-00-4, Affirmed.

Record No. 1069-00-4, Dismissed.

-