COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                    MEMORANDUM OPINION* BY
v.   Record No. 2079-01-1      JUDGE RUDOLPH BUMGARDNER, III
                                        FEBRUARY 5, 2002
DAVID L. GATLING


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Jonathan H. Walker (Mason, Cowardin & Mason,
            P.C., on brief), for appellant.

            Robert J. Macbeth, Jr. (Rutter, Walsh,
            Mills & Rutter, L.L.P., on brief), for
            appellee.


     Newport News Shipbuilding and Dry Dock Company appeals from

a Workers' Compensation Commission's award of benefits to David

L. Gatling.  It contends the worker failed to prove by clear and

convincing evidence that his carpal tunnel syndrome was caused

by his employment rather than his hobbies.  Finding no error, we

affirm.

     We view the evidence in the light most favorable to the

employee, the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  The

worker was a welder at the shipyard for approximately ten years.

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

He constantly used his hands and bent his wrists and hands in unison when he used semi-automatic welding equipment.  Due to his small stature, the worker often received assignments that required him to crawl into confined spaces and work with his hands close to his body.

In February 1998, the worker began experiencing numbness and aching in his wrists.  On April 28, 1998, he reported to the employer that he had "pain and numbness in both my hands which started sometime in December of 1997.  I have to weld and grind a lot and I believe over the years this has caused my problem."  The employer's physician diagnosed him with bilateral carpal tunnel syndrome (CTS).

Dr. Thomas M. Stiles treated the worker from July 1998 and performed surgery on both wrists.  Dr. Stiles opined:

> Mr. Gatling's bilateral carpal tunnel syndrome is a direct result of his work at the Newport News Shipbuilding where he worked as a welder.  He was required to do repeated grasping and gripping of the welding equipment, crawling in to [sic] tight places and being on his hands and knees on numerous occasions.

Dr. David N. Thornberg, who worked for the employer, conducted a records review.  He noted the worker spent "one to two hours per week building model airplanes and played base guitar bi-weekly in a church band."  Dr. Thornberg indicated that those hobbies "could be a factor" in causing CTS, but he

-

was unable "to differentiate the causative agent for [the worker's] carpal tunnel syndrome."

The deputy commissioner concluded that the "claimant's carpal tunnel syndrome was caused by [his] employment . . . and . . . was not caused by factors existing outside of the employment setting."  The deputy commissioner accepted Dr. Stiles's opinion and rejected Dr. Thornberg's opinion.  The full commission affirmed the deputy commissioner's findings of fact.[1]  It noted that Dr. Stiles unequivocally attributed the worker's CTS to his employment as a welder.  While Dr. Thornberg disagreed, he did not examine the worker.  Moreover, the worker's occasional hobbies were insufficient to "overcome Stiles's medical opinion."  The commission concluded that the worker's "evidence is both clear and convincing that his work was the cause of his bilateral carpal tunnel syndrome."

The employer contends the worker failed to prove by clear and convincing evidence that his CTS "did not result from causes outside of the employment" as required by Code § 65.2-401.  The employer urges us to interpret Code § 65.2-401(1) in the same manner the employer urged in Ross Labs. v. Barbour, 13 Va. App. 373, 378, 412 S.E.2d 205, 207 (1991).[2]  Barbour declined to

---

[1] Commissioner Tarr dissented.

[2] The former Code contains the language "to a reasonable medical certainty," Code § 65.1-46.1, which is now replaced with "(not a mere probability)."  Code § 65.2-401.

-

interpret the statute in that manner and held the statute "does not preclude recovery in every instance where some other factor, other than those related to a claimant's work duties, may have contributed in some degree to the claimant's condition." Id. at 376, 412 S.E.2d at 207. Thus, "the mere possibility that the claimant's condition might have been influenced in some degree by another, non-work-related activity is not enough to undermine" the commission's determination that the worker's condition was caused by the employment. Id. at 377, 412 S.E.2d at 208.

As in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 438 S.E.2d 769 (1993), the worker engaged in some non-employment activities that could cause CTS. However, "no evidence . . . suggest[ed] that this activity was a substantial or even partial cause of . . . [his] present condition." Id. at 506, 438 S.E.2d at 774. "Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988) (citation omitted). When credible evidence supports the commission's findings of fact, they are "conclusive and binding" on appeal. Id.

The commission did rely on credible evidence in finding that the worker's employment caused his CTS: an unequivocal determination by the worker's treating physician that his employment caused his CTS. That opinion was supported by the

-

worker's belief that his years of working as a welder caused his condition. National Fruit Prod. Co. v. Staton, 28 Va. App. 650, 654, 507 S.E.2d 667, 669 (1998), aff'd, 259 Va. 271, 526 S.E.2d 266 (2000) (physician's opinion of a "high probability" that CTS caused by employment coupled with claimant's testimony is sufficient); Dollar General Store v. Cridlin, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996) (claimant's opinion may be considered).

The commission was free to discredit Dr. Thornberg's opinion because he did not examine the worker and did not determine causation. Dr. Thornberg stated the worker's hobbies "could have" caused his CTS, but such an opinion does not refute the unequivocal causation opinion of the worker's treating physician, Dr. Stiles. Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (an attending physician's positive diagnosis will be given great weight). "The commission's 'finding based upon conflicting expert medical opinions is one of fact which cannot be disturbed.'" Town of Purcellville Police v. Bromser-Kloeden, 35 Va. App. 252, 258, 544 S.E.2d 381, 384 (2001) (quoting Dep't of State Police v. Talbert, 1 Va. App. 250, 253, 337 S.E.2d 307, 308 (1985)).

Accordingly, we conclude the commission did not err in finding the worker proved by clear and convincing evidence that his carpal tunnel syndrome was caused by his employment.

Affirmed.

-