COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


DAUGHERTY BROTHERS CHEVROLET, INC. AND
 VADA GROUP SELF-INSURANCE ASSOCIATION
                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 1963-03-3                              D. ARTHUR KELSEY
                                                              APRIL 13, 2004
ESTATE OF RONNIE J. TABOR


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Iris W. Redmond (Midkiff, Muncie & Ross, on briefs), for
            appellants.

            Matthew V. Porter (D. Edward Wise, Jr.; Arrington, Schelin &
            Herrell, P.C., on brief), for appellee.


        While at work in the body shop of Daugherty Brothers Chevrolet, Ronnie J. Tabor

"banged" the "right dead center" of his head on an overhead garage door.  Three days later he

experienced radicular pain running down his neck, left shoulder, and left arm.  Within a week his

treating physician diagnosed a cervical disc herniation, which a later MRI confirmed to be a

"large disc herniation on the left at C7-T1."  He underwent surgery a few days later.

        Tabor died in an unrelated automobile accident in April 2002.  Tabor's estate filed a

workers' compensation claim seeking temporary disability benefits for certain periods prior to

his death.  The deputy commissioner denied the claim, finding no causal link between Tabor's

head compression injury and his cervical disc herniation.  On review, the full commission

reversed its deputy and held that the evidence proved causation.  The sequence and timing of the

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  We thus
recite only the facts critical to our decision and view them "'in the light most favorable to the
prevailing party' before the commission."  Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577
S.E.2d 538, 539 (2003) (citation omitted).

injury and diagnosis, coupled with the expert opinion of Tabor's treating physician directly linking the head accident to the cervical herniation, convinced the commission on this issue.

The employer now appeals to us, arguing that the commission "incorrectly found that claimant's cervical disc herniation was related to his industrial accident." This is so, the employer contends, because Tabor's testimony was "clouded" by inconsistency on the causation issue, the expert opinion of Tabor's treating physician was "shaded by doubt" because of earlier testimonial equivocations, and the evidence disclosed other possible causes of the herniation.

The employer's argument on appeal misapprehends our role as an appellate court. By statute, an award of the commission "shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A). "This appellate deference is not a mere legal custom, subject to a flexible application, but a statutory command," Cent. Va. Obstetrics & Gynecology Assocs. v. Whitfield, 42 Va. App. 264, 279, 590 S.E.2d 631, 639 (2004), one that we scrupulously obey both in principle and in practice when reviewing questions of causation, see, e.g., Steadman v. Liberty Fabrics, Inc., 41 Va. App. 796, 803, 589 S.E.2d 465, 469 (2003); Lee County Sch. Bd. v. Miller, 38 Va. App. 253, 260, 563 S.E.2d 374, 377 (2002); S.P. Terry Co. v. Rubinos, 38 Va. App. 624, 632, 567 S.E.2d 584, 588 (2002).

It is arguably true, as the employer contends, that the commission's causation finding relies on a medical opinion "clouded" and "shaded" by conflicting evidence. But that unremarkable observation — which can be fairly made in almost every litigated case — renders the "conclusive" nature of the commission's decision no less conclusive nor its "binding" qualities any less binding on us. Unless it can be said that the evidence supporting the commission's finding of fact is incredible as a matter of law, we must affirm "even though there is evidence in the record to support a contrary finding." S.P. Terry Co., 38 Va. App. at 632, 567 S.E.2d at 588 (citations omitted).

Because credible evidence supports the commission's decision in this case, we summarily affirm.

<u>Affirmed</u>.