COURT OF APPEALS OF VIRGINIA


Present:     Judges Benton, Elder and Haley
Argued by teleconference


GIANT FOOD, INC. AND
  AHOLD U.S.A. HOLDINGS, INC.

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2135-04-3                    JUDGE LARRY G. ELDER
                                                         APRIL 12, 2005
JERRY L. MARCUM


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Alan R. Siciliano (DeCaro, Doran, Siciliano, Gallagher & DeBlasis,
            LLP, on brief), for appellants.

            A. Thomas Lane, Jr., for appellee.


        Giant Food, Inc. and Ahold U.S.A. Holdings, Inc. (employer) appeal from a decision of

the Workers' Compensation Commission awarding medical benefits to Jerry L. Marcum

(claimant) for bilateral carpal tunnel syndrome (CTS).  On appeal, employer contends the

evidence is insufficient to prove claimant's CTS did not result from causes outside his

employment.  We hold the record contains credible evidence to support the commission's finding

of causation, and we affirm.

        The Workers' Compensation Act (the Act) provides that carpal tunnel syndrome is an

"ordinary disease[] of life as defined in [Code] § 65.2-401."  Code § 65.2-400(C).  For an

ordinary disease of life to be compensable under Code § 65.2-401, claimant must prove by "clear

and convincing evidence, (not a mere probability)," that the disease (1) "arose out of and in the

course of [his] employment as provided in Code § 65.2-400 . . ."; (2) "did not result from causes

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

outside of the employment"; and (3) "follows as an incident of occupational disease . . . [;] is an infectious or contagious disease contracted in the course of [specified types of employment]; or . . . is characteristic of the employment and was caused by conditions peculiar to such employment." Code § 65.2-401.

Evidence is clear and convincing when it produces in the fact finder "'a firm belief or conviction as to the allegations sought to be established. It is . . . more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" Fred C. Walker Agency v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (quoting Cross v. Ledford, 120 N.E.2d 118, 123 (Ohio 1954)).

The commission's determination regarding causation is a finding of fact. Marcus v. Arlington County Bd. of Supervisors, 15 Va. App. 544, 551, 425 S.E.2d 525, 530 (1993). Causation of a medical condition may be proved by either direct or circumstantial evidence, including medical evidence or the testimony of a claimant. Dollar Gen'l Store v. Cridlin, 22 Va. App. 171, 176-77, 468 S.E.2d 152, 154-55 (1996). The commission's findings, if supported by credible evidence or reasonable inferences drawn from the evidence, will not be disturbed upon review, even though the record may contain evidence to support a contrary finding. Morris v. Badger Powhatan/Figgie Int'l, 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986). In determining whether credible evidence exists to support the commission's findings of fact, "the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Thus, unless we can say as a matter of law that claimant failed to sustain his burden of proving causation, the commission's findings are binding and conclusive upon us.

Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970); Marcus, 15 Va. App. at 551, 425 S.E.2d at 530.

In this appeal, employer contests only the sufficiency of the evidence to prove claimant's CTS "did not result from causes outside the employment." It contends the commission's decision is contrary to our holding in Steadman v. Liberty Fabrics, 41 Va. App. 796, 589 S.E.2d 465 (2003). We disagree and hold the evidence supported the commission's finding of causation.

Steadman involved a complete absence of medical testimony on the precise issue of whether Steadman's CTS "result[ed] from causes outside of the employment." Code § 65.2-401. Steadman's treating physician opined only that her CTS was "caused by repetitive motion and overuse of hands at work." Steadman, 41 Va. App. at 800, 589 S.E.2d at 467. Thus, the commission focused on the sufficiency of Steadman's testimony to prove the CTS did not result from causes outside her employment. Id. at 802, 804-05, 589 S.E.2d at 468, 469-70.

Despite this focus in Steadman, we have never held that specific statements from a claimant regarding his outside activities are necessary to support a finding that the condition did not result from causes outside the employment. As we expressly stated in Steadman, "medical evidence based on a physician's knowledge of a claimant's [activities] outside employment . . . may establish a claimant's burden by clear and convincing evidence." 41 Va. App. at 805, 589 S.E.2d at 469. A claimant's testimony on this issue is necessary only where the medical evidence fails to show adequate "consideration of how activities outside employment entered into the physician's opinion that the CTS was caused by and arose out of [the] employment." Id.

Here, the opinion of claimant's treating physician on this issue, viewed in the light most favorable to claimant, constituted credible evidence sufficient to support the commission's finding of causation by clear and convincing evidence. Dr. Lawrence E. Zarchin expressly stated

that, "Based on Mr. Marcum's *history* and examination, there is no other probable causation for his carpal tunnel syndrome aside from the repetitive wrist movement experienced in his employ as a butcher." (Emphasis added). Although Dr. Zarchin had previously been asked to give an opinion regarding whether claimant's CTS was related to his 2001 industrial accident, he had given that opinion in his written communications of November 17, 2002, and April 7, 2003. In his subsequent letter of July 23, 2003, Dr. Zarchin specifically noted his consideration of claimant's "history," which permits the reasonable inference that Dr. Zarchin had investigated any other possible causes for claimant's CTS in addition to his 2001 industrial accident and, thus, had the requisite "knowledge of . . . claimant's [activities] outside [his] employment." Id. That the record does not contain any *specific* information regarding claimant's reports to Dr. Zarchin concerning claimant's outside activities does not prevent the commission from drawing this inference from the evidence before it. Morris, 3 Va. App. at 279, 348 S.E.2d at 877 ("If . . . reasonable inferences can be drawn from the evidence[] to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.").

Thus, we conclude the evidence was sufficient to prove claimant's CTS did not result from causes outside his employment, and we affirm the commission's award.

<u>Affirmed.</u>