AGEE, Judge,
dissenting.
To prove a compensable claim for carpal tunnel syndrome (CTS) as an ordinary disease of life under the Workers’ Compensation Act (the Act), Code § 65.2-401 requires a claimant to prove, by clear and convincing evidence and not evidence indicating a mere probability, that (1) the disease arose out of and in the course of the employment as provided in Code § 65.2-400 (first prong), and (2) did not result from *265 causes outside of the employment (second prong). See Code § 65.2—401(1); see also Lanning v. Dep’t of Transp., 37 Va. App. 701, 561 S.E.2d 33 (2002). The plain language of Code § 65.2-401 places the burden of proof upon the claimant to prove both of these statutory prongs in order to sustain an award. Proof of only one element, but not the other, is insufficient. See Purcellville Police v. Bromser-Kloeden, 35 Va.App. 252, 259, 544 S.E.2d 381, 384 (2001) (“[A]n ordinary disease of life to which the general public is exposed outside of the employment generally is not covered by the Act unless a claimant can prove by clear and convincing evidence, inter alia, that the disease arose out of and in the course of employment and did not result from causes outside the employment.”).
Construing the evidence in the light most favorable to claimant, the prevailing party below, I nonetheless find the commission’s determination that claimant met her burden of proof as to the statutory prongs to be erroneous and not supported by the evidence. Accordingly, I dissent from the majority opinion for the following reasons.
A. ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT: FIRST PRONG
Claimant was required to prove by clear and convincing evidence that her CTS arose out of her employment with the employer.
A disease shall be deemed to arise out of the employment only if ... [a] direct causal connection between the conditions under which work is performed and ... [the CTS] ... can be fairly traced to the employment as the proximate cause.
Code § 65.2-400(B) (emphasis added). Upon a review of the record, I find the claimant failed to prove by clear and convincing evidence a direct causal connection between her condition and her employment, which was the proximate cause of her CTS.
*266 I respectfully disagree with the majority’s determination that the medical narratives of Drs. Evans and Bhatti, reviewed individually or collectively, support a finding that claimant presented clear and convincing evidence that her CTS arose out her employment with the employer.
Dr. Evans’ April 24, 2000 file note stated, “I know that the repetitive nature of the work that she does, and has for years, is being the deciding factor in these bilateral carpal tunnel syndromes.” (Emphasis added). In considering the evidence in the light most favorable to claimant, the commission could construe the term “these” to refer to claimant’s CTS causation, as opposed to CTS generally. However, I disagree with the majority that use of the term “deciding factor” constitutes proof by clear and convincing evidence of a direct causal connection and proximate cause.
A “deciding factor” is a factor used to arrive at a choice or solution which ends uncertainty. See generally Webster’s Third New International Dictionary 585, 813 (1993).[3] While this definition of a “deciding factor” may meet the standard of proof by a preponderance of the evidence, it does not meet the clear and convincing standard of proof.
Clear and convincing evidence produces in the fact finder “a firm belief or conviction as to the allegations sought to be established. It is ... more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.”
Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (citation omitted). Dr. Evans’ term “deciding factor” begs the question: Was it, or was it not, a *267 direct and proximate cause? Was claimant’s work simply one of multiple factors relating to CTS causation? If so, was her work the proximate cause, a direct cause or a factor whose weight cannot be quantified? On the record, we simply have no means of ascertaining what Dr. Evans meant when he characterized claimant’s work as a “deciding factor” in “these” kinds of cases.
As such, I do not find Dr. Evans’ note rises to the level of clear and convincing evidence sufficient to provide a fact finder with a firm belief that claimant’s CTS was directly and proximately caused by her employment and, therefore, it does not, by itself, satisfy the first prong as a matter of law.
I also disagree with the majority’s conclusion that Dr. Bhatti’s written response as to causation meets the clear and convincing standard. Dr. Bhatti wrote:
Her carpal tunnel syndrome is most probably secondary to cumulative effect of several years duration involving repetitive lifting, rotating, bending, and use of wrists, regardless of weight, which may be caused by work done as is required by a cook.
(Emphasis added). Dr. Bhatti did not opine that claimant’s work “most probably” caused her CTS. To the contrary, he plainly says claimant’s CTS “may be caused by work.” “May” means to “be in some degree likely.” Webster’s, supra, at 1396 (emphasis added). By definition, Dr. Bhatti’s inability to quantify causation by using the term “may” cannot rise to the standard of proof by clear and convincing evidence as a matter of law. Consequently, his letter of November 22, 2000, does not meet the standard of clear and convincing evidence to prove the first prong under Code § 65.2-401(1).
The only evidence in the record that claimant’s employment caused her condition is her own assertion that Dr. Bhatti told her that her work may have caused her CTS:
Q. Just as clarification, Ms. Miller, did Dr. Bhatti, in your conversations and your understanding of your conversations with him, indicate that your work may have been caused by carpal tunnel or was ...
*268 A. Yes.
Q. ... caused by carpal—I mean, excuse me, your work caused carpal tunnel?
A. Well, me and him talked about it and I was telling him about what I did at work and the lifting and the pulling and he said that it was caused by the work, by the lifting and the tugging all day.
(Emphasis added).
While the commission may rely on the testimony of the claimant to establish causation, see Dollar Gen’l Store v. Cridlin, 22 Va.App. 171, 176, 468 S.E.2d 152, 154 (1996), the claimant’s assertion in this case does not provide clear and convincing evidence of causation. “[A] bare assertion ... does not meet the ‘clear and convincing standard.’ ” Lanning, 37 Va.App. at 708, 561 S.E.2d at 36.
Unlike the claimant in Cridlin, who testified as to how she was injured while performing her job tasks when the medical evidence on causation was inconclusive, claimant did not testify in the case at bar to explain the cause and effect of her work environment on her CTS. Instead, claimant testified as to the medical opinion of her physician, an opinion that was not verified by the physician. While I recognize the commission’s role of assigning credibility and weight to the evidence, claimant’s hearsay rendition of the physician’s opinion cannot be bootstrapped into proof of medical causation when the physician’s own opinion fails to make the causal link. In short, I find no support for the proposition that the nonconclusory medical opinions of the physicians can be rehabilitated to rise to the level of clear and convincing evidence in this case by using claimant’s self-serving version of what the physician’s opinion should have been in order to meet the statutory burden of proof.
The commission was cognizant of this lack of clear and convincing evidence, but nonetheless assumed a connection. It appears to have based the decision to award benefits on the fact that employer did not present any evidence as to other possible causes of claimant’s CTS. It allowed the absence of *269 evidence as to other causes (the second prong), an evidentiaryburden it placed on the employer, to amount to de facto evidence adequate to satisfy claimant’s requisite first prong of proof. The deputy commissioner was fairly candid in making that leap:
[N]o medical opinion has been offered to help us determine whether or not claimant’s carpal tunnel syndrome resulted from her employment with this employer.
[W]e have reservations that the evidence meets the clear and convincing standard and not a mere probability as required by Code § 65.2-401; however, as the record does not indicate any non-work related cause of claimant’s bilateral carpal tunnel syndrome ... we will resolve all our doubts in claimant’s favor and conclude that she has contracted bilateral carpal tunnel syndrome as a consequence of her employment with this employer.
While not ás directly, the full commission adopts a similar approach, although without the deputy commissioner’s degree of candor.
There is simply no statutory or other authority to hold that the employer’s failure to present evidence to disprove the second prong is somehow morphed into evidence sufficient to meet claimant’s burden as to the first prong. It was error for the commission to accord proof of the first prong, an independent statutory element of proof, by implication from lack of counter-evidence associated with the second prong.
In Lindenfeld v. Richmond Sheriff’s Office, 25 Va.App. 775, 492 S.E.2d 506 (1997), we affirmed the decision of the commission to deny benefits to a claimant who suffered from tuberculosis, which he alleged he had contracted while working at the City of Richmond Jail because (1) no one in his family or close set of friends had tested positive for the disease and (2) the incidence of tuberculosis is greater among prison inmates than it is in the general population. The record contained the opinions of three physicians regarding the causation of the claimant’s disease, one of which was an opinion “to a reason *270 able degree of medical certainty that [the] claimant contracted tuberculosis while working in the jail.” Id. at 781, 492 S.E.2d at 509.[4] We held the claimant failed to prove by clear and convincing evidence that his employment in the jail caused his tuberculosis.
Although claimant established that his risk of TB infection at the jail was greater than in the general public and he eliminated some possible sources of infection from outside of his employment (which is the second element of a claim under Code § 65.2-401), these facts alone do not compel the conclusion that he inhaled the TB bacteria while working in the jail. Instead, these facts merely show through an incomplete process of elimination that claimant may have contracted tuberculosis while at work. To hold that this method of proof constitutes clear and convincing evidence as a matter of law of a causal link between employment and a disease ... would effectively shift the burden to the employer to prove that the claimant contracted his disease from a source outside of his employment. The express provisions of Code § 65.2-401 assigning the burden of proof by clear and convincing evidence to the employee preclude such a conclusion.
Id. at 787, 492 S.E.2d at 512 (citation omitted) (emphasis in original).
Accordingly, I would reverse the commission’s award because claimant has not proven, by clear and convincing evidence, that her CTS arose out of and in the course of her employment, the first prong of proof she is required to present under Code § 65.2-401(1).
*271 B. NO CAUSES OUTSIDE OF THE EMPLOYMENT: SECOND PRONG ■
Assuming, arguendo, claimant’s evidence on the first prong meets the clear and convincing standard, I would hold on this record that claimant failed to prove, even by a preponderance of the evidence, that no activities outside her employment with the employer caused her CTS.
The General Assembly has clearly mandated a claimant affirmatively prove, as an independent evidentiary condition precedent to an award, that her CTS did not result from causes outside of her employment. See Code § 65.2-401(1). In my view, the commission’s decision rewrites this statutory burden. In effect, the commission held that a claimant meets the statutory burden if the employer fails to produce affirmative evidence that the claimant’s CTS resulted from causes outside of the employment. Such a reading is erroneous and contrary to the plain language of the statute. See Lindenfeld, 25 Va.App. at 787, 492 S.E.2d at 512.
The commission specifically held that claimant met her burden of proof because “the evidence did not suggest any non-work related activities that could have caused her condition.” However, as Commissioner Tarr’s dissent correctly noted,
the Act requires the claimant prove by clear and convincing evidence that her condition did not result from causes outside her work. The claimant’s affirmative burden of proof is not met if the employer fails to produce a non-work related cause of the condition.
The majority seems to find support for the commission’s placement of the evidentiary burden and its resulting decision when it notes “claimant testified that she engaged in no hobbies or other activities outside her work which involved this type of motion.” The record, however, does not support that assertion. The only evidence in the record regarding non-employment activities is the following colloquy on cross-examination of claimant:
*272 Q. Were you involved in a lot of other things outside of work at that time too?
A. No.
Q. Any type of hobbies outside of work?
A. No.
Q. Bowling, anything like that?
A. No.
(Emphasis added).
Claimant’s testimony that she had no hobbies and did not bowl does not provide proof by clear and convincing evidence that the myriad of her life activities outside her employment did not cause the CTS. Nowhere in the record does claimant, or anyone else, testify or offer evidence that she engaged in no other activities outside of her work for the employer which involved the type motion that could cause CTS.
Under the statutory burden of proof established by the General Assembly in Code § 65.2-401(1), a claimant must affirmatively produce clear and convincing evidence that her CTS did not result from causes outside of the employment. While that element of proof might be satisfied by a claimant’s testimony that she engaged in insubstantial or no non-work activities with the type of repetitive motion that would cause CTS, no such evidence can be found in this record. Neither the commission nor this Court can supply or assume that evidence or, more importantly, alter the statutory burden of proof. If the General Assembly chooses to change the statutory burden of proof under Code § 65.2—401(1), it has the power to do so. However, neither the commission nor this Court possesses that authority.
In this case, claimant failed to adduce affirmative evidence which would satisfy even a preponderance of the evidence standard, much less a clear and convincing evidence standard, as to the second prong of Code § 65.2^101(1). Accordingly, I would reverse the decision of the commission to award benefits to claimant.

. A “factor” is defined as "something (as an element, circumstance, or influence) that contributes to the production of a result.” Webster's, supra, at 813 (emphasis added); see also Black’s Law Dictionary 612 (5th ed.1999) (defining “factor” as, inter alia, "[a] cause that contributes to a particular result”). The verb “decide” is defined as “to arrive at a choice or solution concerning which ends uncertainty or contention." Webster's, supra, at 585. Thus, it is reasonable to define a "deciding factor” as one possible consideration that aids in making a decision.

. Code § 65.2-401, at the time of the Lindenfeld case, required a claimant to prove by "clear and convincing evidence, to a reasonable degree of medical certainty” that the disease arose out of and in the course of employment. The "reasonable degree of medical certainty” evidentiary requirement has since been deleted. Our decision in Lindenfeld focused on whether the totality of the evidence met the clear and convincing evidence standard and not whether the claimant had proven by a reasonable degree of medical certainty that the disease arose out of his employment.