COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


JOSE LUIS ARVIZU
                                            OPINION BY
v.   Record No. 2651-01-2           JUDGE JAMES W. BENTON, JR.
                                         AUGUST 13, 2002
ARCHIE D. GOLD AND
 SOUTHERN INSURANCE COMPANY
 OF VIRGINIA


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Brian J. Cusce for appellant.

        Linda M. Gillen (Blair Law Offices, on
        brief), for appellees.


     The sole issue presented by this appeal is whether the

Workers' Compensation Commission exceeded its authority in

ordering an employee to execute a release authorizing his

employer's attorney, and anyone authorized by his employer's

attorney, to obtain from the Social Security Administration

information concerning the employee.  We reverse the

commission's order.

                              I.

     Jose Luis Arvizu sustained an injury by accident while

employed by Archie D. Gold as a drywall worker.  The commission

approved a memorandum of agreement and entered an award granting

Arvizu temporary total disability benefits beginning October 6,

2000 and continuing medical benefits.  The record indicates that

on April 17, 2001, Arvizu notified the commission and his employer that his physician had released him to return to work on restricted duties, and Arvizu sent them several medical related reimbursement claims. The employer, however, filed an application for hearing under Rule 1.4, alleging that Arvizu had refused medical treatment. In response to the employer's application for hearing, Arvizu filed a motion objecting to suspension of his benefits and "request[ing] . . . reinstatement of benefits."

During this time, the employer served upon Arvizu requests for admissions and requests for production of documents. Responding to the requests for admissions, Arvizu denied he was a citizen of the United States and replied that he did not have "sufficient knowledge or factual basis to determine whether [he] was legally eligible for employment on September 28, 2000," the date of his injury. In response to a request to admit or deny that a specific social security number was valid and assigned to him by the Social Security Administration, Arvizu replied that he did "not have sufficient knowledge or factual basis to determine the validity of the social security number" and that, when he "started working for Archie Gold, . . . [he] believed the social security card had been assigned to him." Responding to the employer's request to produce his social security card, alien registration card, and employment authorization card, Arvizu replied that he could not find them.

-

The employer filed with the commission a motion to compel responsive answers and a second request for the production of documents. The employer's second request for production of documents asked Arvizu to "[p]roduce a statement from the Social Security Administration detailing your work status in the United States on September 28, 2000." Accompanying this request was an "Authorization for Release of Social Security Information," which states as follows:

> I, Jose Luis Arvizu, SS#[number deleted], hereby request and authorize the Social Security Administration, if requested by Linda M. Gillen, Esquire, to furnish her or anyone designated in writing by her, all records and documentation and any other information that she may request pertaining to my employment status in the United States. Linda M. Gillen shall retain the original signed copy of this Release in her records. A true and correct copy shall be considered sufficient authorization of the release of all records or information.

The deputy commissioner denied the employer's motion to compel further responses to the initial requests for admissions but ordered Arvizu "to respond to Employer's Second Request for Production of Documents and to execute the Release of Social Security Information within the time proscribed." Arvizu responded to the second request for production of documents by delivering to the commission and employer's attorney a copy of a letter his attorney sent to the Social Security Administration. In pertinent part, that letter is as follows:

-

>    Please be advised I represent Mr. Arvizu
> in his claim for workers' compensation
> benefits before the Virginia Workers'
> Compensation Commission.  Mr. Arvizu is
> requesting a detail or letter regarding his
> work status on September 28, 2000.
>
>    I have enclosed a Designation of
> Representation form and a Release of
> Information form for your file in order to
> obtain the requested information.  Thank you
> for your cooperation and assistance in this
> matter.

Arvizu filed a request for review, however, of the deputy commissioner's order that he execute a release authorizing employer's attorney to obtain information from the Social Security Administration.

On its review, the commission found that the employer was clearly concerned with Arvizu's eligibility to work in the United States and ruled that Code § 65.2-709 authorizes the commission to "require [Arvizu] to obtain and to present evidence of filing for certain social security benefits when that information is relevant to a claim for workers' compensation benefits."  Holding that "a determination of [Arvizu's] status as a legal alien is a relevant issue," the commission affirmed the deputy commissioner's decision to require Arvizu to sign the release.

## II.

Arvizu contends the commission's order, requiring him to execute the release, exceeded the commission's statutory authority and violated his right to retain counsel of his

-

choice.  The employer responds that the commission "clearly has the authority" to order Arvizu to provide evidence of his legal employment status or, alternatively, to sign a release authorizing the employer to obtain it.

Citing Code § 65.2-502, the employer asserts that it "obviously had an interest in determining [Arvizu's] lawful employment status."  That statute provides as follows:

> [T]he employer shall not be required to pay, or cause to be paid, compensation under this section to any injured employee not eligible for lawful employment; nor shall any such injured employee not eligible for lawful employment who is partially incapacitated be entitled during partial incapacity to receive temporary total benefits under § 65.2-500.

Code § 65.2-502.  Notwithstanding the employer's interest in learning Arvizu's employment status, the issue presented by this appeal is whether the commission had the authority to order the release as a method of obtaining the information.

The statute upon which the commission relied for authority to order Arvizu to execute the release states in pertinent part as follows:

> The Commission <u>may require the claimant to present evidence of filing</u> for Federal Old-Age Survivors and Disability Insurance benefits in order to establish eligibility under this section and also <u>may require the claimant to furnish the employer with the decision</u> on his claim for such federal benefits.

Code § 65.2-709(B) (emphasis added).

-

Nothing within this statutory provision purports to give the commission the authority to order Arvizu to sign a release authorizing the employer to obtain information from the Social Security Administration. The plain language of the statute only authorizes the commission to require an employee to present evidence to the commission or the employer. The employer points to no other statute or rule which would authorize the commission to order the release the employer requested.

## III.

Because this matter arose in the context of a discovery dispute, we next look to the scope of the commission's discovery rules. Discovery proceedings in the commission are authorized by the following statute:

> A. Any party to a proceeding under this title may serve interrogatories or cause the depositions of witnesses residing within or without the Commonwealth to be taken, the costs to be taxed as other costs by the Commission. All interrogatories, depositions, or any other discovery shall conform to rules governing discovery promulgated by the Commission.
>
> B. The Commission shall adopt rules governing discovery conforming as nearly as practicable to Part Four of the Rules of the Virginia Supreme Court. Such rules shall be adopted in accordance with and pursuant to the Administrative Process Act (§ 9-6.14:1 et seq.).

Code § 65.2-703.

Pursuant to this statutory authorization, the commission has adopted rules of discovery permitting "written deposition,

-

interrogatories to parties, production of documents or things, requests for admission, inspection of premises or other means of inquiry approved by the Commission."  Rule 1.8(A), Rules of the Virginia Workers' Compensation Commission.  The commission's rules also contain the following provisions for failure to make discovery:

> A party, upon reasonable notice to other parties and all persons affected thereby, may request an order compelling discovery as follows:
>
>    A timely request in writing in the form of a motion to compel discovery may be made to the Commission or to such regional office of the Commission where an application is assigned to be heard.
>
>    Failure of a deponent to appear or to testify; failure of a party on whom interrogatories have been served to answer; failure of a party or other person to respond to a subpoena for production of documents or other materials; or failure to respond to a request for admission shall be the basis for an order addressing a request to compel compliance or for sanctions, or both.

Rule 1.8(K), Rules of the Virginia Workers' Compensation Commission.

These rules do not expressly authorize the ordering of a release such as occurred in this case.  Although the commission has been directed to adopt rules "conforming as nearly as practicable to Part Four of the Rules of the Virginia Supreme Court," Code § 65.2-703, we perceive nothing in the Supreme Court's Rules or its decisions interpreting those Rules that

-

purports to authorize this type of order as a permissible discovery method or sanction for failure to provide discovery.

"We [have held] that the commission has the same authority as a court to punish for noncompliance with its discovery orders." Jeff Coal, Inc. v. Phillips, 16 Va. App. 271, 278, 430 S.E.2d 712, 717 (1993). We have also held that "[i]n addition to its statutorily granted powers, the commission . . . has incidental powers which are reasonably implied as a necessary incident to its expressly granted powers for accomplishing the purposes of the Workers' Compensation Act." Bader v. Norfolk Redev. & Hous. Auth., 10 Va. App. 697, 702, 396 S.E.2d 141, 144 (1990). Nonetheless, the employer points to no decision of the Supreme Court or this Court and cites no statute that could be interpreted to authorize the commission to order an employee to execute a release authorizing the employer's attorney to obtain from the Social Security Administration information concerning that employee.

It appears the commission addressed a similar discovery matter in Singleton v. Fairfax Hospital Association, 68 Va. WC 226 (1989). There, "[t]he claimant . . . , by counsel, declined to sign a records release form offered by the employer and intended to obtain, for the benefit of the employer, information from the Social Security Administration concerning claimant's medical records." Id. at 226. Although the commission ruled that the records were not "relevant" to the issue of disability

-

before it, the commission also ruled that the claimant "is not required by statute or rule or by Code § 65.1-99.1 [now Code § 65.2-709(B)] to sign an authorization which will permit the employer to obtain her federally-protected Social Security records."  Id. at 228.  Recognizing that social security records could be at issue if the claimant sought cost of living supplements, the commission noted, however, the absence of "a discovery application by the employer directed to the claimant for the purpose of obtaining the . . . information [by other means]."  Id.

In short, the record indicates that in response to the employer's second request for production of documents, Arvizu responded that he had filed a request with the Social Security Administration for his records.  Significantly, before ordering Arvizu to sign the release, the commission did not order Arvizu to produce for inspection documents from the Social Security Administration he had the power to obtain.  See id.  The employer, therefore, has not provided any clear indication the commission's decisions or its discovery rules would permit the type of order entered in this case requiring Arvizu to execute a release permitting the employer to obtain his social security records.

### IV.

Citing Powell v. Alabama, 287 U.S. 45 (1932); Texas Catastrophe Property Ins. Assoc. v. Morales, 975 F.2d 1178,

-

1180-81 (5th Cir. 1992); <u>Mitchell v. Johnson</u>, 701 F.2d 337, 351 (5th Cir. 1983); <u>Potashnick v. Port City Constr. Co.</u>, 609 F.2d 1101, 1117 (5th Cir. 1980), Arvizu also contends that the order violates his right to counsel of his choice. We disagree. None of those cases remotely suggest that a release signed by one party to a dispute, which directs a third entity to deliver documents concerning that party to the other contesting party, is an infringement of the right to counsel.

V.

Because we find no authority permitting the commission to order Arvizu to sign a release authorizing the employer to obtain Arvizu's records from the Social Security Administration, we reverse the commission's decision. In so ruling, we specifically note that at oral argument references were made to the status of the proceedings and the recourse available to the parties. Although the appendix filed by the parties includes letters sent by the employer's attorney in May and June of 2001, those letters are not in the record. The record of this case, which was certified to this Court by the commission on October 25, 2001, does not contain a physician's statement that Arvizu was able to return to his pre-injury employment, an agreement terminating Arvizu's wage loss award, or a request by the employer to withdraw its application for hearing. Furthermore, the record does not indicate the commission ever entered orders acting upon Arvizu's motion to reinstate his benefits that were

-

suspended by operation of Rule 1.4, approving the termination of the wage loss award, or removing from its hearing docket the employer's application for a hearing. The absence of these documents in the record cannot be repaired by the statements made at oral argument concerning the status of the proceedings below. Indeed, the record suggests those matters are still pending. Moreover, the commission has clearly ruled in <u>Craft v. Commercial Courier Express, Inc.</u>, 78 Va. WC 270, 272-73 (1999), that an open award, which can even be an "ongoing award for medical benefits[,] constitutes an 'issue' or 'proceeding' before the commission as those terms are used in Commission Rule 1:8 and in . . . Code § 65.2-703."

For these reasons, we reverse the commission's order, and we remand this matter to the commission for reconsideration of the employer's motion to compel discovery, to determine whether its discovery rules were violated, and for any other action appropriate to the proceedings pending before it.

<u>Reversed</u>.