COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Frank and Senior Judge Bray
Argued at Chesapeake, Virginia


AGNES V. LANNING

v.   Record No. 1795-02-1

VIRGINIA DEPARTMENT OF TRANSPORTATION        MEMORANDUM OPINION[*] BY
                                              JUDGE ROBERT P. FRANK
                                                FEBRUARY 19, 2003
VIRGINIA DEPARTMENT OF TRANSPORTATION

v.   Record No. 1812-02-1

AGNES V. LANNING


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            John R. Lomax (Berry, Ermlich, Lomax &
            Bennett, on briefs), for Agnes V. Lanning.

            Cheryl A. Wilkerson, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General;
            Judith Williams Jagdmann, Deputy Attorney
            General; Edward M. Macon, Senior Assistant
            Attorney General, on briefs), for Virginia
            Department of Transportation.


     The Virginia Department of Transportation (employer)

contends the Workers' Compensation Commission (commission) erred

in finding (1) Agnes V. Lanning (claimant) proved her right

carpal tunnel syndrome (CTS) was caused by her employment and

constituted a compensable ordinary disease of life, pursuant to

Code § 65.2-401, and (2) claimant was entitled to temporary

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

total disability benefits from April 11 through April 13, 2000 and from August 29 through September 8, 2000. On cross-appeal, claimant contends the commission erred in (1) failing to consider evidence that she received short-term disability benefits from April 11, 2000 through October 2, 2000, (2) finding she failed to prove she was totally disabled from April 11, 2000 through October 2, 2000 as a result of her compensable CTS, and (3) holding claimant responsible for $1,000 in attorney's fees. We find the commission did not err, and we affirm the commission's decision.

## A. Causation

On appeal, we view the evidence in the light most favorable to the party prevailing below. R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

Code § 65.2-400(C) provides that "[h]earing loss and the condition of carpal tunnel syndrome are not occupational diseases but are ordinary diseases of life as defined in § 65.2-401." The Code allows compensation for CTS as an ordinary disease of life:

> if each of the following elements is
> established by clear and convincing
> evidence, (not a mere probability):

- 2 -

> 1. That the disease exists and arose out of and in the course of employment as provided in § 65.2-400 with respect to occupational diseases and did not result from causes outside of the employment, and
>
> 2. That one of the following exists:
>
> a. It follows as an incident of occupational disease as defined in this title; or
>
> b. It is an infectious or contagious disease . . . ; or
>
> c. It is characteristic of the employment and was caused by conditions peculiar to such employment.

Code § 65.2-401.

> Evidence is clear and convincing when it produces in the fact finder "'a firm belief or conviction as to the allegations sought to be established. It is . . . more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.'" Fred C. Walker Agency v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975) (quoting Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118, 123 (1954)).

Lee County Sch. Bd. v. Miller, 38 Va. App. 253, 259-60, 563 S.E.2d 374, 377 (2002) (ellipsis in original).

Claimant originally worked as a toll booth attendant for employer until a workplace injury involving her left shoulder in 1992. She began doing computer data entry for employer in 1994. Her CTS symptoms worsened during that employment, eventually becoming acute on February 25, 2000 when she could not move her

- 3 -

fingers.  Dr. Frank Burns, the treating physician, explained in a 2001 letter:

> [W]hen she could not use her left arm and all [after the 1992 workplace injury], she started having symptoms of right carpal tunnel syndrome.  My first note on this goes back to May 1994, when she was still having to use her right arm more.  She has had flare ups of this off and on over the years and it became much more severe in 1999, and in 2000, I did a carpal tunnel release because it had gotten so bad.  She was back at a different type of work then, using a computer 8 hours a day, and the right carpal tunnel became much worse.
>
>    *      *      *      *      *      *      *
>
> From reviewing this whole chart, this lady's injury goes all the way back to her original injury, we have put a lot of stress and strain on her right arm and over the years she has developed carpal tunnel syndrome, which has become worse with the type of computer work she is now doing.  I think her pain is related to her on the job injury and the recurrences that she has had is [sic] related back to her original injuries and having to use the right arm more, and also the work she is doing now, using the computer.

Claimant also testified regarding her CTS.  She explained she had recurring numbness in her right hand which culminated in the February 25th incident during which she could not move her fingers.  Her CTS was more painful during the day than in the evening.  She explained she averaged six hours a day working on a computer.  Although she had a computer at home, she used it "very – very seldom," explaining she "didn't want to look at it"

- 4 -

after a day at work.  She did not knit, garden, or use hand tools at home.

The commission reviewed the entirety of the medical evidence, including records and letters from Dr. Burns.  The commission concluded:

> We believe that the evidence, as a whole, points to the claimant's work as the cause of her condition.  Dr. Burns provided the necessary medical corroboration that her condition was the result of her employment, and there was no evidence of any non-employment factors causing her condition.  Thus, we agree with the deputy commissioner that the claimant met her burden of proof under Code § 65.2-401 and established that she had compensable right carpal tunnel syndrome.

Dr. Burns's records and opinions, coupled with claimant's testimony, constitute credible evidence that claimant's employment caused her right CTS under the criteria established by Code § 65.2-401.[1]  In context, Dr. Burns clearly intended the word "related" to indicate causation.  As we noted in the earlier appeal of this case, Dr. Burns did not merely use "related" to explain the connection between complainant's work and her injury, he also explained how her work place caused the

---

[1] Employer suggests on appeal that the claim should have been filed as a change of condition developing, in part, out of claimant's earlier compensable workplace injury.  Employer did not make this argument on causation to the commission, and we will not consider it on appeal.  See Rule 5A:18; Clark v. Commonwealth, 30 Va. App. 406, 411-12, 517 S.E.2d 260, 262 (1999).

injury. <u>Lanning v. Virginia Dept. of Transp.</u>, 37 Va. App. 701, 708, 561 S.E.2d 33, 36-37 (2002).

Even if the medical evidence did not provide clear and convincing evidence regarding the cause of claimant's right CTS, "the commission may rely on the testimony of the claimant to establish this link." <u>Lee County Sch. Bd.</u>, 38 Va. App. at 260, 563 S.E.2d at 378. <u>See also</u> <u>Dollar Gen. Store v. Cridlin</u>, 22 Va. App. 171, 177-78, 468 S.E.2d 152, 154-55 (1996) (explaining medical evidence is not required for a finding of causation). Claimant testified she worked six hours a day at a computer, and her hand was more painful at work. Based on her testimony regarding her activities outside of work, the commission found nothing she did outside of work contributed to her CTS.

Employer argues Dr. Burns's opinion should be interpreted to conclude that claimant's 1992 injury was the actual cause of her CTS, not her work beginning in 1994. Therefore, employer claims, her current working conditions were not the clear and convincing cause of her CTS, and the injury is not compensable. Employer contends claimant's current working conditions "merely aggravated, exacerbated or contributed to" her CTS, citing <u>Pollard v. Reynolds Metals Co.</u>, VWC File No. 189-80-34 (Dec. 2, 1998), as "precedent."

This Court has stated many times that Code § 65.2-401 does not require a claimant prove <u>one</u> single source for an ordinary disease of life, but instead must link the disease to a <u>primary</u>

- 6 -

source arising out of working conditions.  See Lee County Sch. Bd., 38 Va. App. at 261, 563 S.E.2d at 378; Piedmont Mfg. Co. v. East, 17 Va. App. 499, 506-07, 438 S.E.2d 769, 774 (1993); Ross Labs. & Associated Indem. Corp. v. Barbour, 13 Va. App. 373, 378-79, 412 S.E.2d 205, 208-09 (1991).  The record supports the commission's finding on this issue.

Dr. Burns indicated that, after her 1992 injury to her left shoulder and arm, claimant began favoring her right side. Nothing in the record suggests claimant's right CTS directly resulted from her left shoulder injury in 1992.  Rather, the evidence indicates claimant began to favor her right side as a result of the earlier injury.  Dr. Burns stated that, at the time her CTS became acute, "[s]he was back at a different type of work then, using a computer 8 hours a day."  Claimant also testified that her condition was worse at work.

While her 1992 injury probably had some role in the development of claimant's CTS, that injury was not the primary source of the disease.  The evidence, viewed in the light most favorable to claimant, proves claimant's data entry job was the primary cause of her right CTS.  Accordingly, we defer to the commission's factual finding that claimant proved by clear and convincing evidence that her CTS constituted a compensable ordinary disease of life.

- 7 -

B.  Disability Period

The commission found claimant sustained a short period of disability after each of the two operations to relieve her CTS. On appeal and cross-appeal, claimant and employer challenge this finding.

No direct evidence from her doctor proved claimant was restricted from all work because of these operations.  However, the commission, acting as fact finder, could infer from the medical records that claimant had shown a period of total disability beginning with the date of each surgery through the first post-operative follow-up visit.  Given the type of surgery and the claimant's working conditions, this inference was reasonable.

Additionally, we cannot find the commission erred in failing to determine claimant's period of disability was longer. No evidence before the commission suggested a longer period of disability.[2]

"The threshold test of compensability is whether the employee is 'able fully to perform the duties of his preinjury employment.'  Sky Chefs, Inc. v. Rogers, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981)."  Celanese Fibers Co. v. Johnson, 229

---

[2] Claimant argues the commission refused to consider additional evidence supporting a longer disability period. Claimant also argues employer was precluded from arguing about the disability period.  We address these arguments in Section C, below.  We note the only evidence supporting claimant's extended period of disability is found in the excluded documents.

- 8 -

Va. 117, 120, 326 S.E.2d 687, 690 (1985).  Claimant was asked at the hearing, "Now, what dates were you out of work as a result of this carpal tunnel syndrome?"  She answered she "had surgery on April 11, and returned to work October 2."  This statement proves claimant was not working between these dates, but does not prove she was unable to work at her preinjury employment.

"Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).  Accordingly, we will not disturb the commission's finding on appeal.

### C.  Evidence of Disability Benefits

Claimant argues the commission improperly refused to consider evidence that claimant received short-term disability benefits from employer and that claimant's physician said she could not work for three weeks after the surgery.  She claims employer's discovery responses prevented any argument against her claimed period of disability because the disability period was not listed as a contested issue in the discovery responses.

At the conclusion of the initial hearing, the deputy commissioner asked, "Any reason to keep the record open?"  Claimant responded, "No, sir."  Claimant also indicated that the deputy had "all the medicals."  However, together with her letter requesting review by the full commission, claimant

- 9 -

presented several new documents for consideration by the commission.

Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission allows consideration of after-discovered evidence by the full commission either by agreement of the parties or upon petition to reopen or receive after-discovered evidence. Neither of these conditions was met.

Employer did not agree to these submissions by the claimant. Instead, claimant submitted these documents with her letter requesting review by the full commission. Claimant contends this letter complied with Rule 3.3.

This letter, however, did not explicitly ask the commission to reopen the record. The letter also did not address the burdens placed on a party requesting the reopening of a record.[3] As claimant does not address these issues on appeal, either, we do not consider her argument for purposes of this review. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239

---

[3] The party seeking to reopen the record must prove:

> (1) the evidence was obtained after the hearing; (2) it could not have been obtained prior to the hearing through the exercise of reasonable diligence; (3) it is not merely cumulative, corroborative or collateral; and (4) it is material and should produce an opposite result before the commission.

Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995).

(1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."). We find the commission did not err in failing to consider these documents.

Claimant also maintains employer cannot argue against her claimed disability period. She claims employer was precluded from arguing this point because employer did not contest the disability period in the discovery responses. In effect, she argues these responses estopped employer from arguing this issue and amounted to a stipulation regarding the disability period.

The commission correctly applied the law by finding claimant had to establish each and every element of her claim, including her alleged period of disability. See Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997) ("[A] party seeking compensation bears the burden of proving his disability and the periods of that disability."). Discovery responses did not change this burden. As stated in Code § 65.2-700, "All questions arising under this title, if not settled by agreements of the parties interested therein with the approval of the Commission, shall be determined by the Commission . . . ."

Discovery in workers' compensation cases is regulated by Code § 65.2-703 and the rules promulgated in accordance with

- 11 -

that section.  Claimant identifies several of these rules of discovery.  However, none of those rules requires the commission make a finding without evidence to support it.

In interrogatories, claimant asked for "all defenses and facts upon which the carrier will rely in denying this claim."  Claimant did not ask for admissions, as allowed under Rule 1.8(A).  Employer responded to the interrogatories, stating it would rely on a defense of cumulative trauma and failure to meet the criteria for compensable occupational disease.  The period of disability was not mentioned specifically.  However, this failure did not relieve claimant of the burden of proving the period of disability.

As this Court recently pointed out in Arvizu v. Gold, 38 Va. App. 641, 647-48, 567 S.E.2d 592, 595 (2002), failure to respond to discovery can be penalized, but not without clear authority for such a penalty.  The commission could choose, in some circumstances, to exclude evidence when a party fails to disclose information during its discovery responses.  See Griffett v. Ryan, 247 Va. 465, 469, 443 S.E.2d 149, 151 (1994).  However, we find no authority for the proposition that a deficiency in discovery responses relieves a claimant of its burden of proof.  Employer, therefore, was free to argue the

burden was not met,[4] and the commission was free to find the burden was not met.

### D.  Attorney's Fees

Claimant argues the commission abused its discretion by requiring her to pay $1,000 in attorney's fees when the disability benefits awarded by the commission totaled approximately half that amount.  Claimant did not raise this argument before the commission.  Thus, she failed to give the commission the opportunity to correct any alleged error.  This Court previously has held:

> We recognize that [appellant] was unaware of this alleged problem until the commission issued its written opinion and could not have raised the issue prior to that point, but we see no reason why [appellant] could not have given the commission an opportunity to correct this alleged error prior to appeal.

Overhead Door Co. v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539 (1999).  Thus, we will not review this issue on appeal.  See Rule 5A:18; Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Finding no error, we affirm the commission's decision.

Affirmed.

---

[4] Claimant does not argue employer attempted to introduce information during the hearing that was not disclosed through discovery.

- 13 -