COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


SMURFIT-STONE CONTAINER ENTERPRISES, INC.
 AND ROCKTENN CP, LLC.

                                                      MEMORANDUM OPINION* BY
v.        Record No. 0358-13-1                  JUDGE ROSSIE D. ALSTON, JR.
                                                         OCTOBER 29, 2013
DARRELL L. JONES


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            S. Vernon Priddy III (Cecil H. Creasey, Jr.; Two Rivers Law
            Group, P.C., on briefs), for appellant.

            Charlene A. Morring (Montagna, Klein & Camden LLP, on brief),
            for appellee.


        Smurfit-Stone Container Enterprises (employer) appeals from an order of the Workers'

Compensation Commission (the commission) awarding Darrell Jones (claimant) temporary

partial disability benefits.  On appeal, employer contends:  1) the commission erred by not

addressing employer's allegation that the deputy commissioner erred in holding that claimant

suffered from a condition causally related to his industrial accident; 2) the commission erred by

not addressing employer's allegation that the deputy commissioner erred in holding that

claimant's medical treatment was causally related to his industrial accident; 3) the commission

erred in finding that claimant reasonably marketed his remaining work capacity; 4) the

commission erred by not granting employer's request to reconsider whether claimant adequately

marketed his remaining work capacity; and 5) the commission erred in finding that claimant was

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entitled to temporary partial disability benefits. For the reasons that follow, we reverse in part and remand the case for further proceedings consistent with this opinion.

## I. Background[1]

On appeal from the commission, we view the evidence in the light most favorable to claimant, the party prevailing below. Tomes v. James City Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002) (citing R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)).

So viewed, the evidence indicated that claimant suffered an electrical shock injury to his left arm while working for employer on June 15, 2009. Claimant was treated for his injury by Dr. Michael Levine, who placed restrictions on claimant's ability to work. On May 5, 2010, claimant completed a functional capacity evaluation, which demonstrated functional range of motion and strength in claimant's left arm. Shortly thereafter, Dr. Levine released claimant to return to full-time work without restrictions. Dr. Levine concluded from "the findings of [claimant's] Functional Capacity Evaluation (FCE), and [his] prior evaluations, [that] there [was] no [longer] evidence of [a] physical injury which require[d] treatment." Claimant returned to work for employer and also began a part-time job with Advantage Sales and Marketing, where claimant worked between ten and thirty hours per week.

On October 20, 2010, the parties entered a stipulated agreement and award. Pursuant to the award, the parties agreed that claimant suffered a compensable injury by accident on June 15, 2009. The parties also agreed that claimant was entitled to causally-related medical benefits and temporary total disability benefits prior to his release to full-time work.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On November 3, 2010, claimant met with Dr. W. Smith Chandler, employer's occupational medicine consultant. Dr. Chandler did not examine claimant during the meeting, but was familiar with claimant's "relevant medical records." During the meeting, claimant reported that he was "[un]able to use [his] left arm normally," which, Dr. Chandler concluded, "create[d] a dilemma relating to safe, effective job performance." Dr. Chandler noted in his report that claimant was scheduled for a second opinion on December 8, 2010, and suggested "that between now . . . and [December 8, 2010, claimant] be given temporary work restrictions as a bridge to a more permanent resolution." Dr. Chandler suggested restrictions on lifting greater than five pounds with the left arm and forceful gripping with the left hand. He also advised claimant that he was to be sent home until he received a second opinion.

Following his meeting with Dr. Chandler, claimant filed a request for hearing with the commission, alleging a change in his condition.

On December 8, 2010, claimant began treating with Dr. Wardell, who diagnosed claimant with sensory nerve damage from an electrical shock injury, but did not place restrictions on claimant's ability to work.

Dr. Wardell reexamined claimant on January 14, 2011. In his treatment notes from that examination, Dr. Wardell noted improvements in claimant's neck and arm pain, but concluded that claimant should "remain out of work." However, Dr. Wardell also prepared a capabilities and limitations worksheet, which indicated that claimant was not experiencing current functional limitations and was able to perform his job full-time.

Dr. Wardell next examined claimant on February 17, 2011, and April 21, 2011. On both occasions Dr. Wardell concluded that claimant should remain out of work. Dr. Wardell later released claimant to return to restricted work on June 7, 2010, and full-time work without restrictions on July 20, 2011. On July 21, 2011, claimant returned to work with employer.

On October 18, 2011, a deputy commissioner held a hearing on claimant's request for temporary partial disability benefits for the period November 26, 2010 through July 20, 2011. Employer defended against claimant's claim, "on the grounds that Claimant's medical condition and disability [were] not causally related to his compensable work injury" and that claimant failed to market his remaining work capacity.

The deputy commissioner entered an award for claimant on November 14, 2011. The order granted, in part, claimant's request for temporary partial disability benefits.

The deputy commissioner granted claimant's request for temporary partial disability benefits for the period of November 26, 2010 through December 8, 2010. The deputy commissioner explained that Dr. Chandler, who met with claimant on November 2, 2010, "suggested restrictions [for claimant] that would not permit him to continue to perform his pre-injury job." Those restrictions continued until December 8, 2010, "when [claimant] was seen by Dr. Wardell, but was not placed under any restrictions."

The deputy commissioner found that claimant "failed to prove he was disabled" between December 8, 2010 and February 16, 2011. In reaching that conclusion, the deputy commissioner described the "contradictory opinions" expressed in Dr. Wardell's January 14, 2011 treatment notes. In particular, the deputy commissioner referenced Dr. Wardell's conclusion that claimant "should remain out of work," and Dr. Wardell's finding, expressed in a separate report, that claimant was not experiencing functional limitations and was able to perform his job full-time.

The deputy commissioner granted claimant's request for benefits for the period of February 17, 2011 through July 20, 2011. In doing so, the deputy commissioner noted that "Dr. Wardell clearly indicated [claimant] was unable to work at all in his February 17, 2011 report and that he remained unable to work through July 20, 2011 . . . ."

- 4 -

In awarding claimant temporary partial disability benefits during the periods of November 26, 2010 through December 8, 2010, and February 17, 2011 through July 20, 2011, the deputy commissioner also concluded that claimant reasonably marketed his remaining work capacity.

Shortly thereafter, employer filed a request for review of the deputy commissioner's opinion. Employer argued that the deputy commissioner erred by "holding that Claimant's treatment at the hands of Dr. Wardell was causally related to Claimant's industrial accident;" crediting Dr. Wardell's reports; awarding claimant temporary partial disability benefits; and holding that claimant reasonably marketed his remaining work capacity.

Employer filed a written statement with the commission on May 21, 2012. Significant herein, the written statement raised two arguments. First, employer argued that the deputy commissioner erred in holding that claimant suffered from any condition causally related to his industrial accident, asserted that the deputy commissioner erred "in accepting Dr. Wardell's records," which employer characterized as "contradictory and unworthy of being credited, and urged the commission to dismiss claimant's change-in-condition claim and find that claimant failed to carry his burden to prove ongoing incapacity causally related to his work accident. Second, employer argued that the deputy commissioner erred in holding that claimant reasonably marketed his remaining work capacity during his period of temporary partial disability.

On review, the commission entered an order affirming the deputy commissioner's opinion. At the outset of the opinion, the commission stated that employer "did not address . . . in its written statement" the deputy commissioner's holding that claimant's medical treatment was causally related to his industrial accident, which employer initially assigned as error in its request for review. Because employer did not address that error in its written statement, the commission refused to consider the issue on review. The remainder of the commission's opinion

- 5 -

addressed the deputy commissioner's finding that claimant adequately marketed his remaining work capacity, which the commission affirmed.

Commissioner Williams dissented from the award of temporary partial disability benefits from June 20, 2011 through July 20, 2011.

Employer filed a request for reconsideration with the commission on February 2, 2013. Employer argued that the commission "failed in its Review Opinion to address in any way [employer's] first argument, in which they argued that the deputy commissioner erred in holding that [claimant] established that he suffered from any condition causally related to his industrial accident." Employer also requested that "the [c]ommission . . . reconsider [employer's] arguments . . . and hold that [claimant's] marketing effort was inadequate." The commission did not rule on employer's request to reconsider. This appeal followed.

## II. Analysis

### A. Claimant's Injury

Employer assigns error to the commission's failure to address employer's argument that the deputy commissioner erred in "holding that Claimant established that he suffered from any condition causally related to his industrial accident."

Upon consideration of the record, we conclude that the commission did not address in any way employer's argument that the deputy commissioner erred in holding that claimant proved he suffered from a condition causally related to his industrial accident. Following the deputy commissioner's award order, employer prepared a request for review that assigned error, among other things, to the deputy commissioner's "holding that Claimant [was] entitled to a temporary partial disability award." Employer addressed that assignment in its written statement, asserting that "[claimant] failed to carry his burden to establish that he . . . suffer[ed] from any condition causally related to his industrial accident," and urging the commission to

- 6 -

"vacate [the deputy commissioner's] award and dismiss [claimant's] change in condition claim." The commission, however, did not address employer's argument in its review opinion. Nor did the commission rule on employer's motion to reconsider, which requested that the commission address employer's first argument in its written statement.

"In order for [this Court] to review a decision of the commission, the commission must make a finding, even if the deputy commissioner previously made a factual ruling." Lanning v. VDOT, 37 Va. App. 701, 709, 561 S.E.2d 33, 37 (2002). Because the commission did not address employer's appeal of the deputy commissioner's holding that claimant suffered from a condition causally related to his industrial accident, we must remand this issue for further findings by the commission.

### B. Claimant's Medical Treatment

In its opinion affirming the deputy commissioner's award of temporary partial disability benefits, the commission did not address employer's argument that the deputy commissioner erred in holding that claimant's medical treatment was causally related to his industrial accident, considering the issue waived by employer's failure to address the issue in its written statement. Employer assigns error to that finding. Employer argues that it "aggressively challenged . . . the [d]eputy [c]ommissioner's holding" in its written statement and requests that this Court remand the case to the commission for consideration of this issue.

This Court has previously recognized the commission's authority to deem issues waived or abandoned under Rule 3.2 of the Virginia Workers' Compensation Commission. Rule 3.2 states, "the [c]ommission will advise the parties of the schedule for filing brief written statements supporting their respective positions. The statements shall address all errors assigned, with particular reference to those portions of the record which support a party's position." Under the

commission's interpretation of this rule, a party's failure to address an issue in its written statement may result in the issue being deemed waived or abandoned.

Upon our review of the record, we find that employer raised the issue of claimant's medical treatment in its written statement. At the outset of its argument, employer assigned error to the deputy commissioner's "holding that [claimant] established that he suffered from any condition causally related to his industrial accident." Employer argued that Dr. Wardell's findings were "contradictory and unworthy of being credited," and urged the commission to adopt the opinion of Dr. Levine that claimant had "no apparent injury to treat." Thus, while employer did not explicitly argue that claimant's medical treatment with Dr. Wardell was unrelated to his industrial accident, it was the logical conclusion of employer's argument. In arguing that claimant did not suffer from any condition causally related to his industrial accident, employer necessarily, though implicitly, asserted that claimant's medical treatment with Dr. Wardell was not causally related to his industrial accident.

Admittedly, employer could have more clearly and thoroughly addressed the issue of claimant's medical treatment with Dr. Wardell. But employer's obligation to raise contested issues in its written statement is distinct from its burden to persuade the commission on those issues. Indeed, the purpose of Rule 3.2 is to ensure that the parties inform the commission of the issues that are contested and, thereby, free the commission from needlessly resolving issues that the parties no longer challenge. At a minimum, employer's argument in its written statement signaled its continued challenge to the deputy commissioner's holding that claimant's medical treatment with Dr. Wardell was causally related to his industrial accident. Accordingly, we reverse the commission's finding that employer did not address the issue of claimant's medical treatment in its written statement and remand the issue for further proceedings consistent with this opinion.

### III. Conclusion

We hold that the commission erred by not addressing the arguments raised in employer's written statement. We therefore reverse and remand to the commission for additional proceedings consistent with this opinion. Because we remand this case for further proceedings, we find it unnecessary to address the remaining assignments of error.[2]

<u>Reversed in part and remanded.</u>

---

[2] Because the remaining issues with respect to claimant's marketing of his remaining capacity depend upon the commission's finding that he currently suffers from an injury causally related to his work accident, we do not address them further at this time.